UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
**ANDRES E. BRYAN,**

                Plaintiff,                 **MEMORANDUM AND ORDER**
                                                          20-CV-4791 (AMD) (RML)
      -against-

**FLORIDA DEPARTMENT OF FINANCIAL
SERVICES,**

                Defendant.
------------------------------------------------------------x
**ANN M. DONNELLY,** United States District Judge:

      The *pro se* plaintiff commenced this action on November 3, 2020, alleging that he is owed prize money from a 1998 American Family Publishers ("AFP") sweepstakes. (ECF No. 1.) The plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted solely for the purpose of this order. (ECF No. 2.) For the reasons discussed below, the complaint is dismissed.

## STANDARD OF REVIEW

      Because the plaintiff is proceeding *pro se*, his complaint is held to less stringent standards than pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). I read the plaintiff's *pro se* complaint liberally, and interpret it to raise the strongest arguments it suggests. *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). Since this is the pleadings stage of the proceeding, I must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint must plead sufficient

1

facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Nonetheless, under 28 U.S.C. § 1915(e)(2)(B), I must dismiss an *in forma pauperis* action when the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

## DISCUSSION

In 1998, the plaintiff received a letter from AFP offering him a chance to participate in a sweepstakes. The letter contained a "scratch-off" game; the plaintiff could win an $11,000,000 cash prize if he matched the number on his "prize claim certificate" to the hidden "personal prize claim number." (ECF No. 1 at 17.) The letter stated that the $11,000,000 prize money was "currently on reserve at Fleet Bank N.A." and available to the plaintiff only if he won the scratch-off game and mailed his certificate to AFP within five days. (*Id.*) The plaintiff alleges that "the winning number was issued" to him and that he was "the only winner of the entire prize of $11,000,000." (*Id.* at 7.)

The plaintiff does not name AFP as a defendant, and makes no allegations against the only defendant in this action, Florida Department of Financial Services. The Court presumes that the defendant is named because it allegedly holds the unclaimed prize money. To the extent the defendant is seeking a court order directing the defendant to release the prize money, his

2

claim is time barred regardless of whether the laws of New York or Florida apply. For breach of contract claims, New York law provides a six-year statute of limitations, N.Y. C.P.L.R. 213(2), and Florida law provides a five-year statute of limitations, Fla. Stat § 95.11(2)(b). The plaintiff filed his claim over twenty years after he received the sweepstakes letter.

Even if the plaintiff's complaint was not time-barred, he has not stated a cause of action. First, he has not alleged that the named defendant participated in any wrongdoing. Second, the predicate for his lawsuit—that he was declared winner of the AFP sweepstakes—is flawed. "In general, the type of [sweepstakes] mailing [the plaintiff] received usually does not create a valid contract; it is instead an offer to participate in the sweepstakes." *Thomas v. Publishers Clearing House*, 2002 WL 193935, at *5 (6th Cir. 2002) (citing *Workmon v. Publishers Clearing House*, 118 F.3d 457, 459 (6th Cir. 1997) (the Publishers Clearing House sweepstakes merely offered the opportunity to enter a contest in which the plaintiff could have won the grand prize)). The plaintiff does not appear to allege that he matched the claim numbers in the scratch-off game; rather, he alleges that the letter itself is proof that he won the sweepstakes. "No reasonable person in [the plaintiff's] position would assume that he had won the prize" based on the language of the letter, which made clear that the plaintiff needed to win the scratch-off game to receive any prize money. *Workmon*, 118 F. 3d at 459. Here, even under the very liberal reading afforded to *pro se* pleadings, the allegations contained in the complaint are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) ("A court may dismiss a claim as factually frivolous if the sufficiently well-pleaded facts are clearly baseless—that is, if they are fanciful, fantastic, or delusional."). Accordingly, the complaint is dismissed.

## CONCLUSION

The plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). However, a court dismissing a *pro se* complaint should grant leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (alterations and quotation marks omitted). The Court, therefore, grants the plaintiff leave to amend the complaint within 30 days of this Order being entered.

The new complaint must be captioned "Amended Complaint" and bear the same docket number as this order (20-CV-4791 (AMD) (RML)). The plaintiff is advised that any amended complaint that he files will completely replace the original complaint, so he should not rely on any allegations in the original complaint he filed. No summonses will issue at this time and all further proceedings will be stayed for thirty days. If the plaintiff does not comply with this order within the time allowed, the action will be dismissed, and judgment will enter. The Clerk of Court is respectfully directed to mail the plaintiff a copy of this order.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

s/Ann M. Donnelly
_____
ANN M. DONNELLY
United States District Judge

Dated: November 16, 2020
       Brooklyn, New York