UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
**ANDRES E. BRYAN**,

                Plaintiff,              **MEMORANDUM AND ORDER**
                                                       20-CV-4791 (AMD) (RML)
       -against-

**AMERICAN FAMILY PUBLISHERS, et al.**[1],

                Defendant.
---------------------------------------------------------------X
**ANN M. DONNELLY,** United States District Judge:

       The *pro se* plaintiff commenced this action on November 3, 2020, alleging that he is owed prize money from a 1998 American Family Publishers ("AFP") sweepstakes. (ECF No. 1.) On November 16, 2020, I dismissed the plaintiff's complaint against the Florida Department of Financial Services as frivolous because the defendant did not participate in any wrongdoing, the claim was untimely and the plaintiff's allegations were clearly baseless. (ECF No. 4.) I granted the plaintiff leave to amend, and on November 30, 2020 the plaintiff filed an amended complaint against AFP. (ECF No. 5.) For the reasons discussed below, the complaint is dismissed.

## STANDARD OF REVIEW

       Because the plaintiff is proceeding *pro se*, his complaint is held to less stringent standards than pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). I read the plaintiff's *pro se* complaint liberally, and interpret it to raise the strongest arguments it suggests. *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). Since this is the

---

[1] Although the plaintiff adds the Latin phrase "*et al*" which means "and the rest," his amended complaint does not reference any other person or entity that could be construed as a defendant.

pleadings stage of the proceeding, I must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Nonetheless, under 28 U.S.C. § 1915(e)(2)(B), I must dismiss an *in forma pauperis* action when the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

## DISCUSSION

In 1998, the plaintiff received a letter from AFP offering him a chance to participate in a sweepstakes. The letter contained a "scratch-off" game; the plaintiff could win an $11,000,000 cash prize if he matched the number on his "prize claim certificate" to the hidden "personal prize claim number." (ECF No. 5 at 16.) The letter stated that the $11,000,000 prize money was "currently on reserve at Fleet Bank N.A." and available to the plaintiff only if he won the scratch-off game and mailed his certificate to AFP within five days. (*Id.*) The plaintiff alleges that he won the scratch-off game, but that AFP "refused to honor the scratch off" and he was "never awarded the prize money of $11,000,000." (*Id.* at 1.) The plaintiff traveled to both Miami and Tampa to confront the defendant, and "spoke with Dick Clark" directly "within the required 5 days," but was not able to collect the funds from Fleet Bank, N.A. (*Id.*)

2

As I explained in the Order dismissing the plaintiff's first complaint, to the extent the plaintiff is seeking a court order directing the defendant to release the prize money, his claim is time barred regardless of whether New York or Florida law applies; for breach of contract claims, New York's statute of limitations is six years, N.Y. C.P.L.R. 213(2), and Florida's statue of limitations is five years, Fla. Stat § 95.11(2)(b). The plaintiff filed his claim over twenty years after he received the sweepstakes letter.

Even if the plaintiff's complaint was not time-barred, he does not state a cause of action. The predicate for his lawsuit—that he was declared winner of the AFP sweepstakes—is flawed. "In general, the type of [sweepstakes] mailing [the plaintiff] received usually does not create a valid contract; it is instead an offer to participate in the sweepstakes." *Thomas v. Publishers Clearing House*, 2002 WL 193935, at *5 (6th Cir. 2002) (citing *Workmon v. Publishers Clearing House*, 118 F.3d 457, 459 (6th Cir. 1997) (the Publishers Clearing House sweepstakes merely offered the opportunity to enter a contest in which the plaintiff could have won the grand prize)). Though the plaintiff claims that he won the sweepstakes, each submission attached to his complaint provides that the plaintiff only accepted AFP's offer of the opportunity to enter a contest in which he *could have* been selected for the grand prize. The plaintiff was not identified as the winner of the prize, nor did he have a matching prize claim number. "No reasonable person in [the plaintiff's] position would assume that he had won the prize" based on the language of the letter, which made clear that the plaintiff needed to win the scratch-off game to receive any prize money. *Workmon*, 118 F. 3d at 459. Here, even under the very liberal reading afforded to *pro se* pleadings, the allegations contained in the complaint are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) ("A court may dismiss a claim as factually frivolous if the sufficiently well-pleaded facts

are clearly baseless—that is, if they are fanciful, fantastic, or delusional."). Accordingly, the amended complaint is dismissed.

## CONCLUSION

For the reasons set forth above, the plaintiff's amended complaint is dismissed. 28 U.S.C. § 1915(e)(2)(B)(i). The Clerk of Court is respectfully directed to mail the plaintiff a copy of this order, enter judgment and close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                                s/Ann M. Donnelly

                                                                 ANN M. DONNELLY
                                                                 United States District Judge

Dated: Brooklyn, New York
         December 7, 2020